IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bradford Company,                    )
                                     )
                Plaintiff,           ) Case No. 1:05-CV-449
                                     )
        vs.                          )
                                     )
Afco Manufacturing, <u>et al.</u>,          )
                                     )
                                     )
                Defendants.          )

O R D E R

        This matter is before the Court on Defendant conTeyor Multibag System N.V.'s motion to dismiss for lack of personal jurisdiction (Doc. No. 9) and Plaintiff Bradford Company's motion to strike or, in the alternative, for a more definite statement (Doc. No. 17).  For the reasons stated below, Defendant's motion to dismiss is **DENIED WITHOUT PREJUDICE TO RENEWAL**; Plaintiff's motion to strike is not well-taken and is **DENIED**; Plaintiff's motion for a more definite statement is **GRANTED IN PART AND DENIED IN PART**.

I. <u>Defendant's Motion to Dismiss</u>

A. <u>Background</u>

1

On July 1, 2005, Plaintiff Bradford Company ("Bradford") filed with this Court a complaint for patent infringement against Defendants Afco Manufacturing ("Afco"), American Metal Products, Inc. ("American Metal"), conTeyor Multibag System, N.V. ("conTeyor Multibag"), and conTeyor North America, Inc. ("conTeyor N.A."). According to the complaint, Bradford is a Michigan corporation with its principal place of business in Holland, Michigan. Complaint ¶ 1. Afco and American Metal apparently have their principal places of business in Cincinnati, Ohio. Id. ¶¶ 2-3. conTeyor N.A. is a Michigan corporation with its principal place of business in Troy, Michigan. Id. ¶ 4. conTeyor Multibag is a Belgian corporation with its principal place of business in Merelbeke, Belgium, but with local offices in the United States. Id. ¶ 5.

The complaint alleges that the Defendants have infringed U.S. Patent Nos. 5,725,119, 6,230,916, and 6,540,096 which Bradford holds on collapsible shipping containers. Earlier in the proceedings, Bradford reached settlements with and dismissed its claims against Afco and American Metal. See Doc. Nos. 14 & 15.

Now, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, conTeyor Multibag moves to dismiss the complaint against it for lack of jurisdiction over the person. conteyor Multibag argues that Bradford's claims against should be

2

dismissed on the grounds that it is not amenable to personal jurisdiction under Ohio's long arm statute and because the Court's exercise of personal jurisdiction would violate the Due Process Clause. In support of its motion, conTeyor Multibag submits the affidavit of Patrick Hugenholtz, who is the managing director of the company which owns conTeyor Multibag. Hugenholtz states that conTeyor Multibag does not transact any business in Ohio, except that it acts as a European distributor of label products for an entity called The Kennedy Group, which is based in Cleveland, Ohio. Doc. No. 9. Ex. A, Hugenholtz Aff. ¶ 3. Hugenholtz further avers that conTeyor Multibag does not regularly solicit or do business in Ohio, that it does not engage in any persistent course of conduct in Ohio, and that it does not derive substantial revenue from goods used or consumed or services rendered in Ohio. Id. ¶¶ 4-6.

In opposition, Bradford argues that if the Court does not hold an evidentiary hearing on the issue of personal jurisdiction it need only make a prima facie showing that conTeyor Multibag is amenable to personal jurisdiction in this district. Bradford further contends that, viewed in the light most favorable to it, the pleadings and its submissions establish a prima facie case that conTeyor Multibag is properly subject to personal jurisdiction in this district. Alternatively, Bradford argues that the Court should defer consideration of the motion to

3

dismiss until discovery on conTeyor Multibag's contacts with Ohio
is completed.

In support of its argument that it has made a prima
facie showing of personal jurisdiction, Bradford points out that
in a licensing agreement between it and conTeyor Multibag for a
European patent-in-suit, conTeyor Multibag agreed to arbitrate
any disputes arising out of the agreement in Cincinnati.
Bradford also observes that it has a distributorship agreement
with an Ohio corporation, The Kennedy Group, and agreed that Ohio
law would govern that agreement.  Bradford also points out that
conTeyor Multibag admits that it does business in Ohio at least
"nominally" and that this is evidence of some connection with
Ohio.  Bradford also argues that conTeyor Multibag has other
relationships with companies located in Ohio or doing business in
Ohio.  As an illustration, Bradford notes that conTeyor Multibag
is the parent of conTeyor N.A. and that conTeyor N.A. has ordered
or intends to order shipping racks which are the subject of the
lawsuit from Afco and American Metal, who both do business in
Ohio.  Apparently in support of an alter-ego jurisdictional
theory, Bradford also points out that the complaint alleges that
conTeyor Multibag induced conTeyor N.A. to infringe its patents,
presumably through its purchases of shipping racks from Afco and
American Metal.

4

Upon review of the pleadings and submissions, the Court finds that they do not establish a prima facie case of personal jurisdiction as to conTeyor Multibag. The Court, however, will permit Bradford to develop the jurisdictional issues through discovery. Accordingly, the Court will deny conTeyor Multibag's motion to dismiss at the present. However, conTeyor Multibag may renew its motion to dismiss at an appropriate time following the close of discovery.

### B. Analysis

Because this is a suit for patent infringement, the law of the Federal Circuit Court of Appeals controls the resolution of the jurisdictional question. Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998). The jurisdictional analysis is a two-step process. First, the Court must determine whether the defendant could be subjected to the jurisdiction of a state court in this district. Id. Second, if the first step is satisfied, the Court must determine whether maintenance of the suit comports with the Due Process Clause in that it would not "offend traditional notions of fair play and substantial justice." Id. (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The first part of the analysis usually involves determining whether the defendant is subject to jurisdiction under the forum state's long arm statute. If so, the second part of the analysis

requires the district court to determine whether the defendant's contacts with the forum state are sufficient so that it could reasonably could have anticipated being haled into court in that forum.  Where the state's long arm statute reaches the limits of the Due Process, the two steps merge and the inquiry becomes whether the exercise of personal jurisdiction satisfies due process.  Id.

Ohio's long arm statute does not reach the limits of the Due Process Clause.  Hildebrand v. Steck Mfg. Co., Inc., 279 F.3d 1351, 1354 (Fed. Cir. 2002).  Therefore, the Court would have to determine whether it has jurisdiction over conTeyor Multibag pursuant to the long arm statute and, if so, whether due process is satisfied.  Schwanger v. Munchkin, Inc., No. 99-1049, 1999 WL 820449, at **2 (Fed. Cir. Oct. 7, 1999).  Ohio's long arm statute provides:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
>
> (2) Contracting to supply services or goods in this state;
>
> (3) Causing tortious injury by an act or omission in this state;
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

6

(5) Causing injury in this state to any person by
breach of warranty expressly or impliedly made in
the sale of goods outside this state when he might
reasonably have expected such person to use,
consume, or be affected by the goods in this state,
provided that he also regularly does or solicits
business, or engages in any other persistent course
of conduct, or derives substantial revenue from
goods used or consumed or services rendered in this
state;

(6) Causing tortious injury in this state to any person
by an act outside this state committed with the
purpose of injuring persons, when he might
reasonably have expected that some person would be
injured thereby in this state;

(7) Causing tortious injury to any person by a criminal
act, any element of which takes place in this
state, which he commits or in the commission of
which he is guilty of complicity.

(8) Having an interest in, using, or possessing real
property in this state;

(9) Contracting to insure any person, property, or risk
located within this state at the time of
contracting.

Ohio Rev. Code § 2307.382(A). This statute, however, does not

limit the courts' personal jurisdiction to the causes of action

enumerated in it.  LSI Ind., Inc. v. Hubbell Lighting, Inc., 232

F.3d 1369, 1373 (Fed. Cir. 2000).  An Ohio court can maintain

personal jurisdiction over an out-of-state defendant for activity

not delineated in the statute.  Id.

The Court notes that because it cites the LSI case in

its brief, and does not otherwise cite any specific provisions of

the long-arm statute, Bradford at this point apparently does not

contend that the Ohio long arm statute applies to conTeyor

7

Multibag's activities.  Bradford's reliance on <u>LSI</u> also suggests that it contends that the Court has general personal jurisdiction over conTeyor Multibag rather than specific personal jurisdiction.  General jurisdiction requires that the defendant have continuous and systematic contacts with the forum state, whereas specific jurisdiction exists even where the defendant's contacts are random and sporadic if the cause arises out of those contacts.  <u>Silent Drive, Inc. v. Strong Ind., Inc.</u>, 326 F.3d 1194, 1200 (Fed. Cir. 2003).

     At this juncture, the Court finds that the record is too sparse to conclude that conTeyor Multibag has any systematic contacts with Ohio.  Although the alter ego theory is a legitimate basis upon which to establish personal jurisdiction, the corporate form is not disregarded without good reason.  <u>Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.</u>, 757 F.2d 1256, 1264 (Fed. Cir. 1985)("The corporate form is not readily brushed aside.").  Therefore, the fact that conTeyor N.A., a Michigan corporation, has issued purchase orders to buy allegedly infringing products from an Ohio corporation does not lead to the conclusion that conTeyor Multibag has contacts with Ohio.  Similarly, the Federal Circuit has rejected the notion, expressed in Bradford's brief, that conTeyor Multibag has contacts with Ohio because it does business with a corporation that does business in Ohio.  <u>Red Wing Shoe</u>, 148 F.3d at 1361 ("In simple

8

terms, doing business with a company that does business in Minnesota is not the same as doing business in Minnesota.").

Bradford's best evidence, while alone still falling short of carrying its burden, is conTeyor Multibag's agreements with Ohio forum selection clauses. Although the licensing agreement between Bradford and conTeyor Multibag on the European patent does have an Ohio forum selection clause, this lawsuit does not arise because of an alleged breach of that agreement. Bradford does not cite any cases, nor has the Court found any in its research, which hold that consent to a forum's jurisdiction in the forum selection clause of a contract constitutes a waiver of jurisdiction in causes of action not arising out of that agreement. Certainly such an argument raises due process concerns about the foreseeability of being haled into court in Ohio on an unrelated matter. The forum selection clause in conTeyor Multibag's European distribution agreement with The Kennedy Group presents due process concerns for the same reasons.

The Kennedy Group agreement, however, does represent some intentional contact with Ohio by conTeyor Multibag. Whether such contact is continuous and systematic is another question. The Court notes that the agreement is to be performed in Europe but it appears that conTeyor Multibag makes payments for the products to The Kennedy Group in Ohio. See Doc. No. 9, Ex. B, Distributorship Agreement, Art. III.6. Additionally, the

9

agreement requires conTeyor Multibag to make quarterly reports to The Kennedy Group.  Id. Art. III.5.  Presumably, the products are shipped from The Kennedy Group in Ohio to conTeyor Multibag. Additionally, as Bradford points out, conTeyor Multibag admits that it does some business in Ohio.  Therefore, there is some indicia that conTeyor Multibag has more than minimal contact with the state of Ohio.

Where the district court concludes that the record is insufficient to support personal jurisdiction, it may allow discovery where the plaintiff demonstrates that it can supplement its allegations through discovery.  Trintec Ind., Inc. v. Pedre Promotional Prod., Inc., 395 F.3d 1275, 1283 (Fed. Cir. 2005). In this case, while the present record is insufficient to conclude that conTeyor Multibag has established a prima facie case of personal jurisdiction, there is sufficient evidence, in the form of The Kennedy Group agreement, to permit further discovery on the issue.

Accordingly, conTeyor Multibag's motion to dismiss is **DENIED WITHOUT PREJUDICE TO RENEWAL.**  Defendant may renew its motion or file a new motion at an appropriate time following the close of discovery.

## II. Motion to Strike

Bradford moves to strike certain affirmative defenses raised by conTeyor N.A. in its answer, or in the alternative,

10

moves for a more definite statement. Specifically, Bradford argues that conTeyor N.A.'s affirmative defenses of inequitable conduct, estoppel, and laches are insufficient in that they are not accompanied by factual allegations to support them. In opposition, conTeyor N.A. argues that motions to strike affirmative defenses are disfavored and that Bradford has not been prejudiced by the alleged insufficiency of its answer. conTeyor N.A. also argues that the Court should disregard the motion to strike because Bradford filed it after it filed its answer to the counterclaim whereas Rule 12(f) requires a motion to strike to be filed before responding to the pleading. conTeyor N.A. further contends that a motion for a more definite statement is inapplicable to an affirmative defense. Finally, in the event the Court finds any of its pleadings insufficient, conTeyor N.A. requests leave to amend.

The general rule is that an affirmative defense may be pled in general terms and will survive a motion to strike as long as it gives the plaintiff fair notice of the nature of the defense. 5 Wright, et al., FEDERAL PRACTICE & PROCEDURE § 1274, at 616-17 (3rd ed. 2004); Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989)("Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings."). On review, the Court finds that for the most part conTeyor N.A.'s answer meets this minimal pleading standard

11

because it gives Bradford fair notice of the defenses the Defendant is asserting. The particulars of each defense can be sorted out in discovery. Accordingly, Bradford's motion to strike is not well-taken and it is **DENIED**.

On the other hand, Rule 9(b)'s standard for pleading with particularity applies where the affirmative defense deals with fraud and mistake. 5 Wright, <u>et al.</u>, § 1274, at 617-18. Inequitable conduct before the Patent Office is an allegation which must be pled with particularity. <u>Ferguson Beauregard/Logic Controls v. Mega Sys., LLC</u>, 350 F.3d 1327, 1344 (Fed. Cir. 2003). conTeyor N.A.'s inequitable conduct defense is not pled with particularity. Accordingly, conTeyor N.A. shall file a more definite statement on this affirmative defense and/or an amended answer which satisfies the requirements of Rule 9(b) no later than the deadline established by the Court for filing amended pleadings, which is April 1, 2006. Defendant shall not be required to file a more definite statement or amended pleading with respect to the remainder of its affirmative defenses. Accordingly, to that extent, Bradford's motion for a more definite statement is not well-taken and is **DENIED**.

Bradford also moves to strike conTeyor N.A.'s counterclaims as being insufficiently pled because they lack supporting factual allegations. With respect to each of Bradford's patents, each counterclaim alleges that: 1) conTeyor

12

N.A. has not infringed the patent; 2) the patent is "invalid, unenforceable, null, and void; and 3) conTeyor N.A. "has been injured and damaged by [Bradford] filing the Complaint asserting infringement of a patent that is invalid, unenforceable, null, and void and not infringed." Countclaim ¶¶ 6-15. The Court agrees with Bradford that these barebones allegations are insufficient. Although the counterclaims do not incorporate conTeyor N.A.'s affirmative defenses by reference, the Court presumes that conTeyor N.A. contends that Bradford's patents are invalid and unenforceable for the same reasons. Nevertheless, the case should not go forward based on the Court's presumptions about the bases for conTeyor N.A.'s counterclaims.

Accordingly, conTeyor N.A. shall file a more definite statement on the content of its counterclaims no later than the deadline for filing amended pleadings.

<u>Conclusion</u>

For the reasons stated, Defendant conTeyor Multibag System N.V.'s motion to dismiss is **DENIED WITHOUT PREJUDICE TO RENEWAL.** Defendant may renew or refile its motion at any appropriate time following the conclusion of discovery. Plaintiff Bradford Company's motion to strike is not well-taken and is **DENIED.** Plaintiff's motion for a more definite statement is **GRANTED IN PART AND DENIED IN PART.** Defendant conTeyor North America, Inc. shall file more definite statements and/or amended

pleadings consistent with the rulings herein no later than the date for filing amended pleadings, which is April 1, 2006.

**IT IS SO ORDERED**

Date___January 19, 2006___          _____s/Sandra S. Beckwith_____
                                     Sandra S. Beckwith, Chief Judge
                                       United States District Court

14