**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Bradford Company, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:05-CV-449 |
| | ) |
| vs. | ) |
| | ) |
| Afco Manufacturing, <u>et al.</u>, | ) |
| | ) |
| | ) |
| Defendants. | ) |

O R D E R

This matter is before the Court on two motions filed by

Defendants conTeyor Multibag Systems N.V. and conTeyor Multibag

North America, Inc. which seek a judgment or declaration that

certain products and publications are "prior art" with respect to

the patents-in-suit in this case.  First, Defendants seek a

judgment that the Spring 1992 L.L. Bean Home & Camp Catalog and

Winterset Design, Inc.'s Laundry Bagger Laundry Bag Product are

prior art to U.S. Patents 5,725,119, 6,230,916, and 6,540,096.

(Doc. No. 97).  Second, Defendants seek a judgment that the

PACCAR Upholstery Bag Transport Rack Container is prior art to

these patents. (Doc. No. 100).  For the reasons that follow,

while the Court does not enter a judgment per se on these

motions, it does find that the references advanced by Defendants
meet the minimal requirements of 35 U.S.C. §§  102(a) and/or
102(b) in terms of their public use and/or printed publication
dates.  To that extent, Defendants' motions are well-taken and
are **GRANTED.**

The Court has summarized the patents-in-suit and the
factual and procedural history of this case in a number of
previous orders, perhaps to the point of tedium, and so it will
not do so again here.  Suffice it to say for present purposes
that Plaintiff Bradford Company ("Bradford") holds three patents
concerning collapsible shipping containers, U.S. Patents
5,725,119, 6,230,916, and 6,540,096.  Bradford initiated this
lawsuit as a patent infringement suit against Defendants conTeyor
Multibag Systems, NV and conTeyor Multibag North America, Inc.
(collectively "conTeyor").  Bradford, however, dropped its
infringement contentions concerning the '119 Patent, and the
Court entered summary judgment in conTeyor's favor on Bradford's
infringement claims on the '916 and '096 Patents.  Doc. No. 133.
Remaining for disposition, however, are conTeyor's counterclaims
asserting the invalidity of Bradford's patents.

conTeyor filed the instant two motions seeking a
partial judgment that the Spring 1992 L.L. Bean Home & Camp
Catalog and Winterset Design, Inc.'s Laundry Bagger Laundry Bag
Product  and the PACCAR Upholstery Bag Transport Rack Container

are prior art to these patents.  Bradford opposes conTeyor's
motions, principally on the grounds that they are not proper Rule
56 motions because they do not seek to invalidate any claim of
the patents.  Bradford also argues that conTeyor's motions should
be denied on the grounds that the proffered prior art does not
anticipate the patents-in-suit because the prior art lacks at
least one element of the claims at issue.  conTeyor replies,
however, that its motions do not seek judgments that the patents-
in-suit are invalid or obvious, or that Bradford is culpable for
inequitable conduct as a result of its submissions.  Rather,
conTeyor clarifies, it is simply seeking a determination from the
Court that the L.L. Bean Catalog and Laundry Bagger, and the
PACCAR Container are prior art to avoid the necessity of bringing
witnesses to court to establish these matters.

        Initially, the Court agrees with Bradford that
conTeyor's motions are miscast as Rule 56 motions for summary
judgment.  Nevertheless, the Court observes that whether a
particular publication or product constitutes "prior art" is
susceptible to resolution before trial.  For instance, in
Riverwood Int'l Corp. v. R.A. Jones & Co., Inc., 324 F.3d 1346
(Fed. Cir. 2003), the district court ordered supplemental
briefing on whether a certain patent was prior art and issued a
written ruling resolving the issue the day before trial.  Id. at
1352.  In that regard, conTeyor's motions are akin to motions in

limine.  Therefore, it is certainly proper for the Court to

tentatively decide whether conTeyor's submissions are prior art

pursuant to 35 U.S.C. § 102.

Generally speaking, prior art includes art that is

"reasonably pertinent to the particular problem with which the

invention was involved."  Ruiz v. A.B. Chance Co., 234 F.3d 654,

664 (Fed. Cir. 2000).  Whether the product or publication is in

the prior art is a legal question.  Panduit Corp. v. Dennison

Mfg. Co., 810 F.2d 1561, 1568 (Fed. Cir. 1987).  Whether the

prior art reference is sufficiently analogous to the art which

concerns the patent, i.e., whether it is one to which an inventor

attempting to solve a problem in his field would turn, is a

question of fact for the jury.  Shatterproof Glass Corp. v.

Libbey-Owens Ford, Inc., 758 F.2d 613, 620 (Fed. Cir. 1985).

Some references are prior art by statute.  More specifically, 35

U.S.C. §§ 102(a), (b), (e), and (g) establish prior art

provisions.  OddzOn Products, Inc. v. Just Toys, Inc., 122 F.3d

1396, 1401-02 (Fed. Cir. 1997).  Therefore, in this case, the

Court can decide the narrow legal issue of whether the references

cited by conTeyor are generally within the prior art.  Panduit

Corp., 810 F.2d at 1568.

In this case, conTeyor argues that the L.L. Bean

Catalog and the PACCAR Container are prior art pursuant to 35

U.S.C. §§ 102(a) and (b).  Section 102 of Title 35 states:

> A person shall be entitled to a patent unless--
>
> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States[.]

35 U.S.C. § 102(a) & (b).  As the Court understands conTeyor's motions, it is only seeking to establish the very narrow issues concerning whether the proffered references were publically published before the claimed invention date and/or whether they were publically published or on in public use more than one year prior to the application dates of the patents-in-suit.  The Court understands further that conTeyor is not seeking a judgment or ruling whether the proffered references are analogous or enabling or on any other issue concerning whether the patents-in-suit are anticipated by or obvious in light of the prior art references.

The L.L. Bean Home & Camp Catalog submitted by conTeyor indicates that it was published in the Spring of 1992.  Doc. No. 97, Ex. D.  This catalog offers for sale the "Laundry Bagger." As depicted in the catalog, the Laundry Bagger consists of a wooden frame which closes in a scissors-like operation and a canvas bag with loops at the open end which fit over the upper ends of the wooden frame.  It appears that the frame can be collapsed with or without the bag in place.  See id.

Additionally, conTeyor submits the affidavit of Bill Cullen, who has been president of Winterset Designs, Inc. since 1983.  Id. Ex. E.  Mr. Cullen avers that Winterset Designs, Inc. introduced the Laundry Bagger for sale in the United States in 1985.  Id. ¶ 3.  Mr. Cullen further states that he received the L.L. Bean Home & Camp Catalog in or about the Spring of 1992, that he has kept it in his files since then, and that the pictures in the catalog are a true and accurate depiction of the Laundry Bagger.  Id. ¶¶ 4-5.

conTeyor submits the affidavit of Terry Brady in support of the PACCAR Container as prior art.  Mr. Brady states that he is an engineer for Kenworth Truck Company and that Kenworth is a division of PACCAR, Inc.  Mr. Brady states further that Kenworth is a manufacturer of heavy and medium duty trucks. Mr. Brady avers further that he has been working for Kenworth since 1974, and that in the late 1980's he designed a collapsible transport rack system to be used in shipping component parts for trucks.  According to Mr. Brady's design, upholstery bags are suspended in the rack by support bars, which extend through loops in the bag.  This configuration creates pockets in which to place product for shipping.  In order to return the containers to the shipping point, the bags and support bars are removed and placed in the base of the rack.  The remainder of the rack is then collapsed on top of the bag and support bars.  Mr. Brady states

that Kenworth has been using this transport rack system since 1988 to ship parts from a supplier in Morris, Illinois to its facility in Chillicothe, Ohio by a third party shipper.  Mr. Brady states that when not in use, the racks are stored outside within public view.  Doc. No. 100-5, Brady Aff. ¶¶ 2-3, 13. Drawings and photographs of the PACCAR Container are attached as exhibits to Mr. Brady's affidavit.

The '119 Patent is the parent application of the '916 Patent and the '096 Patent.  The '119 Patent has an application date of February 28, 1996.  Bradford's responses to conTeyor's interrogatories indicate that the claimed invention was conceived around November 21, 1995 or November 28, 1995.  Doc. No. 97, at 9.  Therefore, for purposes of § 102(a), the critical date is November 20, 1995.  For purposes of § 102(b), the critical date is February 28, 1995, one year before the date of the application for the '119 Patent.  Based on the affidavits submitted by conTeyor, the proffered references clearly antedate February 28, 1995.

Thus, the question is whether the proffered preferences meet the use or publication requirements of Section 102(a) or Section 102(b).  The PACCAR Container clearly satisfies the "public use" requirement of § 102(b).  "Public use" includes "any use of the claimed invention by a person other than the inventor who is under no limitation, restriction, or obligation of secrecy

to the inventor."  New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.,

298 F.3d 1290, 1297 (Fed. Cir. 2002).  Here, the evidence

establishes without contradiction that third party shippers have

been using the PACCAR Container to transport truck components for

Kenworth since 1988.  There is no evidence that the shippers were

subjected to any limitation or obligations of secrecy to Kenworth

in using its containers.  Accordingly, the Court finds that the

"public use" requirement is satisfied with respect to the PACCAR

Container.  Therefore, it is within the realm of the prior art

for patents-in-suit.

        The L.L. Bean Catalog meets the "printed publication"

requirement of § 102.  Whether a reference is a "printed

publication" pursuant to § 102 depends on whether it was

"publicly accessible" during the prior period.  Bruckelmyer v.

Ground Heaters, Inc., 445 F.3d 1374, 1378 (Fed. Cir. 2006).  A

reference is "publicly accessible" if the document:

> has been disseminated or otherwise made available to
> the extent that persons interested and ordinarily
> skilled in the subject matter or art exercising
> reasonable diligence, can locate it and recognize and
> comprehend therefrom the essentials of the claimed
> invention without need of further research or
> experimentation.

Id.  A sales catalog will qualify as a "printed publication," and

therefore, prior art, if it is published before the invention

date of the claimed device.  Mahurkar v. C.R. Bard, Inc., 79 F.3d

1572, 1576 (Fed. Cir. 1996).  In this case, the L.L. Bean catalog

was published and disseminated in the spring of 1992, well before the invention date of the '119 Patent.  Therefore, it clearly satisfies the minimal requirements concerning public accessibility and the date of publication to qualify as prior art.

Having said that, however, the Court notes that Bruckelmyer mentions other requirements for "public accessibility," such as the criterion that one skilled in the art can locate the reference and recognize and comprehend therefrom the essentials of the claimed invention, on which we find no evidence in the current record.  While the Court takes no position on the issue, it seems a dubious proposition that a person skilled in the art of collapsible shipping containers would consult an L.L. Bean catalog and recognize a folding laundry frame as a solution to the problems sought to be solved by the claimed invention.  The Court proffers this observation only to emphasize the narrowness of its conclusion concerning the L.L. Bean Catalog and Winterset Laundry Bag as prior art.  The Court only decides the issues of public dissemination and publication date at this time.  To that extent, the L.L. Bean Catalog is within the realm of the prior art to the patents-in-suit.

Accordingly, within the limitations outlined by the Court and for the reasons stated, conTeyor's motions are well-taken and **GRANTED.**


**IT IS SO ORDERED**


Date__ February 28,  2008 __              _____s/Sandra S. Beckwith_____
                                          Sandra S. Beckwith, Chief Judge
                                           United States District Court

10