# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION


BRADFORD COMPANY,
     Plaintiff

     vs

AFCO MANUFACTURING, et al.,
     Defendants.

Case No. 1:05-cv-449

Beckwith, J.

**ORDER**

This matter comes before the Court on a motion to intervene and for other relief (Doc. 161) filed by Jonathan Lee Riches, an inmate at the Williamsburg Federal Correctional Institution, in Salters, South Carolina.

To describe Mr. Riches as a "frequent filer" would be an understatement.  A recent search on the United States Party/Case Index[1] reveals that Mr. Riches has filed over 1,800 cases and moved to intervene in over 115 cases in the federal district courts throughout the United States.  A search on July 30, 2008 revealed a total of 1,994 cases for Mr. Riches.  By August 5, 2008, Mr. Riches was up to a total of 2,076 cases.  *See* https://pacer.uspci.uscourts.gov/cgi-bin/ dquery.pl (accessed on August 5, 2008, list attached).  His named defendants include celebrities and public figures, *see, e.g., Riches v. George Clooney*, Case No. 3:08-cv-66 (N.D. Cal. 2008); *Riches v. Jake Gyllenhaal*, Case No. 2:08-cv-23 (E.D. Pa. 2008); *Riches v. Quarterback Peyton Manning*, Case No. 3:08-cv-71 (N.D. Cal. 2008); *Riches v. Dan Rather*, Case No. 1:07-cv-1523 (E.D. Cal. 2007); *Riches v. Vladimir Putin*, Case No. 3:07-cv-5877 (N.D. Cal. 2007), non-existent or imaginary entities, *see, e.g., Riches v. Lemony Snicket,* Case No. 3:08-001 (N.D. W.

---

[1]See https://pacer.uspci.uscourts.gov

Va. 2008); *Riches v. No Child Left Behind Act,* 2007 WL 4522636, 1 (E.D. Cal. 2007); *Riches v. E Coli 0157:H7*, Case No. 3:07-cv-06313 (N.D. Cal. 2007); *Riches v. Star Trek,* Case No. 7:08-cv-91 (W.D. Va. 2008); *Riches v. Sarbanes-Oxley Act,* Case No. 2:08-cv-00021 (E.D. Pa. 2008), and a host of others. The allegations of his complaints are baseless, fantastical and delusional. *See, e.g., Riches v. Guantanamo Bay*, Case No. 2:07-cv-13041 (E.D. Mich. 2007) (alleging a conspiracy to kidnap his mind, steal his identity, violate his copyrighted name, force him to eat rats, and subject him to microwave testing); *Riches v. Dick Clark's New Year Rockin' Eve 2008,* Case No. 2:07-cv-02 (E.D. Cal. 2007) (alleging the "Mummers plan to fly a huge float of me starving in my prison cell" during a parade and "Dick Clark caused me to have a massive stroke."); *Riches v. Patti LaBelle*, Case No. 2:08-cv-127 (E.D. Pa. 2008) (alleging "LaBelle's lyrics sing nothing about my 8th amendment rights being violated in prison."); *Riches v. Vladimir Putin*, Case No. 3:07-cv-5877 (N.D. Cal. 2007) (alleging former Russian President Vladimir Putin plans to become the Warden and subject Riches to torture). As one court noted:

> It is not clear whether these outlandish pleadings are products of actual mental illness or simply a hobby akin to short story writing. Whatever their origin, and though they are amusing to the average reader, they do nothing more than clog the machinery of justice, interfering with the court's ability to address the needs of the genuinely aggrieved. It is time for them to stop.

*Riches v. O.J. Simpson*, Case No. 6:07-cv-1504 (M.D. Fla. Sept. 24, 2007) (alleging O.J. Simpson was Steve Jobs's "hitman" since the "1985 MOVE house bombing in Philadelphia, which Jobs started with borrowed pyrotechnics from Great White," among other allegations the court described as outlandish).

The repeated filing of such frivolous and abusive lawsuits have earned Mr. Riches sanctions around the country. *See, e.g., Riches v. Karpinski*, 2008 WL 2564785, *3 (W.D. Wisc. 2008) (prohibiting Riches from filing of any new actions until he pays $350 filing fee incurred under "three strikes" provision of the Prison Litigation Reform Acts); *Riches v. Giambi,* Case No. C 07-6156 (N.D. Cal. Jan. 2, 2008) (dismissing 22 cases as legally frivolous and restricting Riches from filing "any civil complaints in this Court without payment of the full statutory filing fee"); *In re Jonathan Lee Riches,* No. 1:08-cv-0498, slip op. at 2 (N.D. Ga. March 25, 2008) (dismissing 276 of Riches' cases, finding Riches to be a "vexatious and abusive litigant," and permanently enjoined him from filing or attempting to file any new lawsuits without first obtaining leave of Court); *Riches v. Peterson,* No. 6:08-1092, slip op. at 6 (D.S.C. May 17, 2008) (dismissing Riches' 82 cases and imposing a prefiling injunction requiring clerk of court to return unfiled any civil action unless he meets a series of specific requirements); *Riches v. Aguilera,* 2008 WL 324198 (E.D. Mich. 2008) (enjoining Riches "from filing any civil complaints in this Court without proof of the Court's permission"); *In re: Jonathan Lee Riches*, 2:07-mc-00033 (M.D. Fla. Sept. 27, 2007) (restricting filing of any new cases not accompanied by full filing fee). Not surprisingly, Mr. Riches has far exceeded the "three strikes" limit for prisoners imposed by 28 U.S.C. § 1915(g)[2] for filing cases *in forma pauperis*. *See, e.g., Riches v. Aguilera,* 2008 WL 324198 (E.D. Mich. 2008)(citing additional cases); *Riches v. Swartz,* Case

---

[2]Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

No. 7:07-cv-00379 (W.D. Va. Aug. 13, 2007); *Riches v. Doe.,* Case No. 1:07-cv-20042 (S.D. Fla. Jan. 24, 2007); *Riches v. Gordan*, 2007 WL 2746881, 1 (W.D.N.C. 2007); *Riches v. Bush.,* Case No. 4:06-cv-442 (D.S.C. March 22,2006), and cases cited above.

In an attempt to circumvent the prohibitions imposed by various federal courts on filing new lawsuits, Mr. Riches has now begun to file motions to intervene in lawsuits in which he has no actual interest. *See, e.g., In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 2008 WL 2884911, 2 (E.D.N.Y. 2008) (denying motion to intervene as without merit); *Northern New England Telephone Operations, LLC v. Public Utilities Commission of Maine*, 2008 WL 2782926, *1 (D. Maine 2008) (noting receipt of 17 motions to intervene in pending cases in District of Maine despite prior warning of court and imposing pre-filing sanctions); *Putney, Inc. v. Pfizer, Inc.,* 2008 WL 2782939 (D. Maine 2008) (denying motion to intervene and enjoining any further filings); *IMS Health Inc. v. Maine Attorney General*, Case No. 1:07-cv-127 (D. Maine July 15, 2008) (enjoining any type of filing in any pending case in the District of Maine without prior leave of Court); *American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.*, Case No. 5:04-cv-00012 (M.D. Fla. July 11, 2008) (denying motion to intervene as frivolous); *Maris Distributing v. Anheuser-Busch, Inc.*, Case No. 5:97-cv-00015 (M.D. Fla. July 11, 2008) (denying motion to intervene as frivolous); *SCO Grp v. Novell Inc.*, Case No. 2:04-cv-00139 (C.D. Utah July 15, 2008) (denying motion to intervene as without merit); *Central Transport International, Inc. v. Global Advantage Dist.*, Case No. 2:06-cv-401 (M.D. Fla. July 16, 2008) (denying motion to intervene as without merit); *Brian W. And Carla v. Residential Funding Co., LLC*, Case No. 2:03-cv-425 (W.D. Pa. 2008) (denying motion to intervene).

It appears the Southern District of Ohio has become Mr. Riches' next target.  Starting in June of 2008, Riches filed three habeas corpus actions and four motions to intervene in other pending actions in this district.  *See Riches v. Tellem*, Case No. 3:08-cv-235 (S.D. Ohio July 7, 2008) (Doc. 2) (Report and Recommendation to dismiss habeas corpus action seeking relief from "Arn Tellem, doing business as the Wasserman Media Group" since habeas corpus petition will lie only against custodian of petitioner); *Riches v. Flanagan*, Case No. 3:08-cv-246 (S.D. Ohio July 7, 2008) (Doc. 2) (ordering Riches to file an amended petition conforming to habeas rules); *Riches v. Warden,* Case No. 1:08-cv-398 (S.D. Ohio June 18, 2008) (Doc. 3) (order transferring habeas corpus case to District of South Carolina, the district where Riches is in custody); *Dirkes v. Hartford Life Group Insurance Company*, Case No. 1:05-cv-00254 (S.D. Ohio July 23, 2008) (Doc. 83) (filing "motion for reconsideration & clarification, motion to intervene as plaintiffs under Fed. R. Civ. P. Rule 24(A)2, 24(B), motion for joinder party class action intervention under Rule 20 & 23"); *Tdata Inc v. Aircraft Technical*, Case No. 2:03-cv-264 (S.D. Ohio July 23, 2008) (Doc. 299) (filing "motion for reconsideration & clarification, motion to intervene as plaintiffs under Fed. R. Civ. P. Rule 24(A)2, 24(B), motion to enforce consent decree/motion in limine); *Bradford Company v. AFCO Manufacturing*, Case No. 1:05-cv-449 (S.D. Ohio July 23, 2008) (Doc. 161) (filing "motion for reconsideration & clarification, motion to intervene as plaintiff under Fed. R. Civ. P. Rule 24(A)2, 24(B), [and] motion to amend complaint"); *Aircraft Technical Publishers v. Tdata, Inc.*, Case No. 2:04-cv-01072 (S.D. Ohio July 23, 2008) (Doc. 276) (filing "motion for reconsideration & clarification, motion to intervene as plaintiffs under Fed. R. Civ. P. Rule 24(A)2, 24(B), motion to enforce consent decree/motion in limine").

In the instant case, a patent infringement action, Mr. Riches' one page motion for

reconsideration, for clarification, to intervene, and to amend complaint states, "I have an interest in this case regarding Patents 5,725,119 and 6,230,916. I also have information about defendants['] records in 2002. My intervention presents questions of law and facts that are common in this action." (Doc. 161 at 1). Mr. Riches fails to identify the particular interest he possesses which relates to the subject matter of this action, Fed. R. Civ. P. 24(a), nor does he assert a claim or defense having a question of law or fact in common to this action. Fed. R. Civ. P. 24(b).[3] Mr. Riches' conclusory allegations are insufficient to warrant intervention as of right under Rule 24(a) or permissive intervention under Rule 24(b). *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 2008 WL 2884911, 2 (E.D.N.Y. 2008). *See also United Parcel Service of America, Inc. v. Net, Inc.*, 225 F.R.D. 416, 421 (E.D.N.Y. 2005). Nor does Mr. Riches' motion cite any facts or law showing he is entitled to any of the other relief sought. Accordingly, the motion is **DENIED**.

Mr. Riches' filing of the instant frivolous "motion for reconsideration & clarification, motion to intervene as plaintiff under Fed. R. Civ. P. Rule 24(A)2, 24(B), [and] motion to amend complaint" is yet another attempt to clog the dockets of the federal courts. This Court need not wait for Mr. Riches' filings to reach the astronomical numbers found in other federal district

---

[3]Federal Rule of Civil Procedure 24 provides:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
    (1) is given an unconditional right to intervene by a federal statute; or
    (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.
    (1) In General. On timely motion, the court may permit anyone to intervene who:
    (A) is given a conditional right to intervene by a federal statute; or
    (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24.

courts around the country before placing a halt to his frivolous litigation. Obviously, the numerous sanctions already imposed by other federal courts have not deterred Mr. Riches.

The filing of frivolous lawsuits and motions strains an already burdened judicial system. As the Supreme Court has recognized, "Every paper filed with the Clerk of . . . Court, no matter how repetitious or frivolous, requires some portion of the Court's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989); *see also Demos v. Storrie*, 507 U.S. 290 (1993); *In re Sindram*, 498 U.S. 177, 180 (1991). "Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit. . . ." *United States v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995). *See also Purk v. United States*, No. 3:03-cv-287, 2005 WL 776135, at * 3 (S.D. Ohio 2005)(Report and Recommendation), *adopted,* 2005 WL 2124157 (S.D. Ohio Aug 30, 2005). "[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n. 2 (S.D. Ohio April 27, 2006)(quotation omitted).

When a litigant abuses the judicial system by repeatedly filing frivolous lawsuits or motions, sanctions are appropriate. Federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing or duplicative lawsuits. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). *See also Iwachiw v. N.Y. State Dept. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005); *Cauthon v. Rogers*, 116 F.3d

1334, 1337 (10th Cir. 1997). *Accord First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 513 (6th Cir. 2002)(courts possess inherent authority to sanction bad-faith conduct without regard to whether such conduct could be sanctioned under other applicable rules or statutes). While the Court may not absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811. A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g., Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Maxberry v. SEC*, 879 F.2d 222, 224 (6th Cir. 1989). *See also In re McDonald*, 489 U.S. 180 (1989).

In this case, Mr. Riches' history of abusive and vexatious litigation evidences his bad faith and warrants prefiling sanctions. Mr. Riches' persistent submission of frivolous lawsuits and motions serves no legitimate purpose, wastes the Court's resources, and deprives other litigants having meritorious claims of speedy resolutions of their cases. Requiring court review of any proposed future filings by Mr. Riches would likely result in a waste of scarce judicial resources. *See Moore v. Hillman*, 2006 WL 1313880, *5 (W.D. Mich. May 12, 2006) (citing *Sassower v. American Bar Assn.*, 33 F.3d 733, 736 (7th Cir. 1994)). As recently noted by the United States District Court for Maine, which imposed a series of increasingly restrictive injunctions against Mr. Riches, "Mr. Riches continues to read the Court's prior orders as narrowly as possible and find 'loopholes' that allow him to continue to engage in abusive and

frivolous filings." *Davenport v. City of Caribou*, Case No. 1:07-cv-36 (D. Maine Aug. 1, 2008) (Doc. 40). Clearly fed up with Mr. Riches' abuse of the judicial process, the Court extended its previous orders and held "that Mr. Riches must be categorically enjoined from making any filing in this District." *Id.* Courts have restricted pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Municipal Court*, 114 F.3d 1188 (6th Cir. 1997) (unpublished), 1997 W.L. 321112, *1; *May v. Guckenberger*, 2001 WL 1842462, *6 (S.D. Ohio 2001). The Court finds that a similar sanction is appropriate in this case to deter Mr. Riches from filing future vexatious and frivolous motions and lawsuits in this Court.

**IT IS HEREBY ORDERED** that, with the exception of *Riches v. Tellem*, Case No. 3:08-cv-235 (S.D. Ohio July 7, 2008); *Riches v. Flanagan*, Case No. 3:08-cv-246 (S.D. Ohio July 7, 2008); *Dirkes v. Hartford Life Group Insurance Company*, Case No. 1:05-cv-00254 (S.D. Ohio July 23, 2008); *Tdata Inc v. Aircraft Technical*, Case No. 2:03-cv-264 (S.D. Ohio July 23, 2008); and *Aircraft Technical Publishers v. Tdata, Inc.*, Case No. 2:04-cv-01072 (S.D. Ohio July 23, 2008), Jonathan Lee Riches is prohibited from filing any motion, petition, or document in any pending or closed case in the Southern District of Ohio which has not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted. The Clerk of Court is specifically **DIRECTED** not to accept any such pleadings and to dispose of such documents accordingly.

It is further **ORDERED** that Jonathan Lee Riches is **ENJOINED** from filing any future civil actions in the Southern District of Ohio unless the complaint or petition is first certified as

9

non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted.  The Clerk of Court is **DIRECTED** to reject any complaint from Mr. Riches unless he complies with the Court's instructions and pays the full filing fee.

This Order shall not affect Mr. Riches' right to file a notice of appeal to the Sixth Circuit Court of Appeals if Mr. Riches wishes to obtain review of the Order of this Court.

**IT IS SO ORDERED.**

Date: <u>August 5, 2008</u>          <u>s/Sandra S. Beckwith</u>
                                                 Sandra S. Beckwith, Chief Judge
                                                 United States District Court